# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GLENN D. DEAN,

 *Petitioner*,

vs.

ATTORNEY GENERAL OF THE STATE OF NEVADA,,

 *Respondent*.

2:11-cv-01409-GMN-CWH

ORDER

  Petitioner has filed a habeas petition, but the record does not reflect that he either paid the filing fee or filed an application to proceed *in forma pauperis*.

  It further does not appear that petitioner has named his physical custodian as a respondent. Under 28 U.S.C. § 2242 and Rule 2(a) of the Rules Governing Section 2254 Cases, the petition must name the state officer who has physical custody of the petitioner as respondent, which would be the warden of the institution in which he is held. Petitioner may not simply leave the space for respondent blank. The Court generally does not have jurisdiction over a habeas action unless the physical custodian is named as respondent. *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004).

  It does not appear from the file that a dismissal would result in a promptly filed new petition being untimely.[1] This action therefore will be dismissed without prejudice.

---

[1] The papers on file and the online docket records of the Supreme Court of Nevada reflect the following. Petitioner's conviction was affirmed on direct appeal on October 21, 2009. The time period for filing a petition for *certiorari* therefore expired on or about January 19, 2010. On or about March 19, 2010, only 59 days later, petitioner filed a state post-conviction petition. The state district court denied relief, and

(continued...)

1  IT THEREFORE IS ORDERED that this action is DISMISSED without prejudice to the
2 filing of a new petition in a properly commenced new action that is accompanied by either the
3 required $5.00 filing fee or a properly completed application to proceed *in forma pauperis*.
4  IT FURTHER IS ORDERED that the Clerk shall send petitioner two copies each of an
5 application form to proceed *in forma pauperis* for incarcerated persons and a noncapital
6 Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of
7 the papers that he submitted in this action.
8  The Clerk of Court shall enter final judgment accordingly, dismissing this action without
9 prejudice.
10  DATED this 11th day of October, 2011.

_____
Gloria M. Navarro
United States District Judge

---

[1](...continued)
the Supreme Court of Nevada affirmed on July 15, 2011. Petitioner thereafter filed a petition for rehearing, which was denied on September 15, 2011. Petitioner then filed a petition for *en banc* reconsideration on September 28, 2011, which still was pending as of this Court's recent review. The state post-conviction proceedings therefore have not been concluded as yet by the issuance of a remittitur. It thus would appear, based upon the available papers and records, that only approximately two months of the one-year federal limitation period have elapsed at this point. Petitioner at all times remains responsible for calculating the running of the federal limitation period as applied to his case and properly commencing a timely-filed federal habeas action.